GEORGE FEARING *vs.* LEONARD CLARK.

If a promissory note, which, before delivery, is deposited by the maker to be delivered to the payee only upon the happening of a certain contingency, is delivered to the payee without the knowledge or consent of the maker and without the happening of the contingency, and is by him transferred for value before maturity to a person, who takes it without notice of the special circumstances under which it came into the possession of the payee, such innocent holder for value may enforce payment of the note against the maker.

ACTION OF CONTRACT on a promissory note for $600, made by the defendant, dated July 4th, 1857, and payable in one year after date to the order of one Joseph Lambrite and by him indorsed. The defendant in his answer denied the making and indorsement of the note declared on; but admitted that he signed such a note; and averred that he put it into the hands of third parties to be delivered to Lambrite, on the happening of contingencies which never did happen; and that neither the defendant nor those parties, nor any one else, by his authority or consent, ever delivered the writing to Lambrite, or to any other person as the defendant's promissory note.

At the trial in the superior court, the plaintiff proved the sig-natures of the maker and indorser; and there was evidence that, on the 16th of July 1857, the note was in Lambert's possession and was indorsed and delivered by him to the plaintiff as collat-eral security for the payment in six months of $ 2000, of which $ 900 was still due from Lambrite to the plaintiff at the time of the trial, and that the plaintiff took the note without any knowledge of the circumstances under which it had been given.

*Rockwell,* J. allowed the defendant to introduce evidence of the facts alleged in his answer, against the objection of the plaintiff that they would constitute no defence to the action unless proved to have been known to the plaintiff when he took the note; and instructed the jury, " that if they should find that the writing copied in the declaration was never deliv-ered by the defendant, or any person authorized by him so to deliver it, to the payee, or to any person for his use, but that he obtained possession of it without the assent or knowledge of or authority from the defendant, and, having obtained such pos-session without right or authority, put his name upon the back of it, and delivered it to the plaintiff, then and in that case it never became the negotiable note of the defendant, and the defendant was entitled to their verdict." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. M. Stebbins,* for the plaintiff.

*F. Chamberlin,* for the defendant, cited *Churchill* v. *Gardner,* 7 T. R. 596; *Marston* v. *Allen,* 8 M. & W. 504; *Agawam Bank* v. *Strever,* 18 N. Y. 507; *Wheelwright* v. *Wheelwright,* 2 Mass. 452; *Bodwell* v. *Webster,* 13 Pick. 414; Story on Bills, § 203.

BIGELOW, C. J. The defendant proved no facts at the trial which constituted a valid defence to the note declared on as against the plaintiff, who is a *bona fide* holder for value without notice. The rule is well settled, that when a note is transferred by a party to whom it is entrusted without authority or fraudu-lently, it will be valid as against the maker in the hands of a holder who takes it *bona fide* without notice of the special cir-cumstances under which the note came into the possession of

the payee or agent of the maker who puts it in circulation. In such case, the maker or indorser who places it in the hands of another, for the purpose of being used in a particular way or for a special object, takes the risk of its being used in a different way, and cannot refuse to pay it to any *bona fide* holder into whose hands it may come. Chit. Bills, (10th ed.) 198. *Sweetser* v. *French*, 2 Cush. 309. It is undoubtedly true that, as between the original parties to a note or those who take it with notice, it is essential that there should have been a delivery of the note by the maker to take effect as a contract. In this sense, delivery is included in the allegation of making. But the rule is qualified and limited as between the maker and a *bona fide* holder. In such case, a valid delivery can be made by any person to whom the maker has given the note in such form as to enable him to hold himself out as absolute owner of the note. The case of *Putnam* v. *Sullivan*, 4 Mass. 45, is a strong one on this point. There the notes were delivered to a clerk to be used for special purposes only, and it was held that a delivery by the clerk, whether through deception practised on him, or by a voluntary violation of the trust reposed in him, must be deemed in law, as against a *bona fide* holder, a delivery by those who were liable on the notes. The rule is different in regard to a deed, bond or other instrument placed in the hands of a third person as an escrow, to be delivered on the happening of a future event or contingency. In that case, no title or interest passes until a delivery is made in pursuance of the terms and conditions upon which it was placed in the hands of the party to whom it was intrusted. But the law aims to secure the free and unrestrained circulation of negotiable paper, and to protect the rights of persons taking it *bona fide* without notice. It therefore makes the consequences, which follow from the negotiation of promissory notes and bills of exchange through the fraud, deception or mistake of those persons to whom they are intrusted by the makers, to fall on those who enabled them to hold themselves out as owners of the paper *jure disponendi*, and not on innocent holders who have taken it for value without notice.                    *Exceptions sustained.*